UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT C. COLLAS, II,

    Plaintiff,

v.     CASE No. 8:13-CV-3181-T-TGW

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

_____

ORDER

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1] Because, contrary to the plaintiff's sole contention, the Appeals Council did not err in declining to review the administrative decision after the submission of additional evidence, the decision of the Commissioner will be affirmed.

_____

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

I.

The plaintiff, who was forty-one years old at the time of the administrative hearing and who has a general equivalency diploma, has worked as a dishwasher, fry cook, machine set-up operator, and a lawn maintenance worker (Tr. 52, 327, 347-48). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to bipolar disorder, depression, anxiety, hallucinations (hears voices), and chronic back and neck pain (Tr. 118). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of disorders of the back, disorders of the neck, bipolar disorder, and anti-social personality features (Tr. 44). The law judge concluded that these impairments restricted the plaintiff as follows (Tr. 46):

> [T]he undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can never climb ladders, ropes, or scaffolds. He remains able to occasionally balance, stoop, crouch, kneel, or crawl. He can have only occasional contact with the public, occasional

> contact with coworkers, and only occasional contact with supervisors.

The law judge determined, based upon the testimony of a vocational expert, that, despite these limitations, jobs existed in significant numbers in the national economy that the plaintiff could perform, such as small parts assembler, line inspector, and merchandise marker (Tr. 53). Accordingly, the law judge decided that the plaintiff was not disabled through October 31, 2012, the date of the decision (Tr. 54).

The plaintiff then sought review from the Appeals Council and submitted to the Appeals Council additional evidence. The Appeals Council considered the additional evidence, along with reasons the plaintiff disagreed with the law judge's decision, to determine "whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of evidence of record" (Tr. 7, 8). It found "that this information does not provide a basis for changing the Administrative Law Judge's decision" (Tr. 8). Additionally, the Appeals Council stated (id.):

> We also looked at office treatment records from Plant City Family Care, dated December 16, 2011 and February 1, 2012 (5 pages). This document is

> not new because it is an exact copy of Exhibit B11F.
>
> We also looked at office treatment records from Plant City Family Care, dated January 23, 2013 through February 21, 2013 (12 pages); office treatment records from Rakesh Kumar, M.D., dated March 11, 2013 through April 8, 2013 (7 pages); and diagnostic imaging reports from the South Florida Baptist Hospital, dated March 15, 2013 (7 pages). The Administrative Law Judge decided your case through October 31, 2012. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before October 31, 2012.

Accordingly, the Appeals Council let the law judge's decision stand as the final decision of the Commissioner (Tr. 7).

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or

-4-

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff's sole argument is: "The Commissioner erred in that, through the Appeals Council, there was a failure to fully and adequately evaluate the totality of the evidence in this matter" (Doc. 24, p. 5).[2]

---

[2] The plaintiff also asserted, in a conclusory manner, that "the bulk of the [law judge's] decision ignores or derogates the Plaintiff's complaints" (Doc. 24, p. 6). To the extent that the plaintiff is challenging the law judge's evaluation of the plaintiff's credibility, such an argument violates the Scheduling Order and Memorandum Requirements and therefore is forfeited for lack of development (see Doc. 13, p. 2); Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014)(a claim is abandoned when an issue is mentioned in a perfunctory manner without supporting arguments and legal authority).

It is also noteworthy that the plaintiff makes no reference to his mental impairment.

Specifically, the plaintiff argues that the Appeals Council failed to consider adequately the progress notes of neurological surgeon Dr. Rakesh Kumar, dated March 11, 2013, and April 8, 2013 (id., pp. 6-7). On those dates, Dr. Kumar evaluated the plaintiff's back and neck pain, and headaches (see Tr. 23). In this regard, the plaintiff points out (Doc. 24, p. 7) (emphasis in original):

> Dr. Kumar, in a report dated April 8, 2013, found that lumbar spine surgery would "likely to be of benefit as he has worsening back and leg pain." (T. 20) On March 11, 2013, Dr. Kumar found, on physical examination, "increased pain at the lumbosacral level on extension" and "diffuse sensory reduction in the left lower extremity, predominantly in the left L5." (T. 24) Explaining the surgical recommendation, the imaging's showing of mobility of 10 mm (as regards to spondylolysis) is found to be significant. (T. 24) This doctor also found "revealing" that there was a showing of 9 mm subluxation on flexion, but not on extension. He found that the Plaintiff has a mobile subluxation and is likely contributory to his problems of back and leg pain. (T. 20) It may be of significance that the doctor also advised that *upright* x-rays with flexion and extension of the lumbar spine are indicated. (T. 24)

The regulations provide, in reviewing decisions based on an application for benefits (20 C.F.R. 404.970(b), 416.1470(b)):

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision.... It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

Judicial review of the Appeals Council's consideration of new evidence is governed by <u>Ingram</u> v. <u>Commissioner of Social Security Administration</u>, 496 F.3d 1253 (11th Cir. 2007). The Eleventh Circuit sought to clarify in <u>Ingram</u> the law concerning the nature and extent of judicial review of new evidence that was first presented to the Appeals Council. In my view, <u>Ingram</u> held that, when the Appeals Council considers new evidence and denies review, the district court should determine whether the Appeals Council has correctly decided that the law judge's findings are not contrary to the weight of all the evidence. <u>See</u> <u>Tucker</u> v. <u>Astrue</u>, 2008 WL 2811170 (M.D. Fla. 2008). This assessment is undertaken to determine whether there has been a violation of 20 C.F.R. 404.970(b) and 416.1470(b), which direct which cases the Appeals Council will review.

The plaintiff, therefore, has to overcome four hurdles in order to prevail on his <u>Ingram</u> claim. Thus, he must show (1) that the evidence relates

to the period on, or before, the date of the law judge's decision, (2) that the evidence is new, (3) that the evidence is material, and (4) that the Appeals Council erred in deciding that the law judge's findings were not contrary to the weight of all the evidence. The plaintiff has not meaningfully addressed these hurdles, and has only shown that the evidence is new.

The Appeals Council stated that it considered the additional evidence, and, after noting that it was generated months after the law judge's decision, concluded that the evidence was about a time after the law judge's decision so that it did not affect that decision (Tr. 8). It is also noted that Dr. Kumar did not relate his findings and opinions back to the pertinent time period. The plaintiff has not made a meaningful attempt to show, by discussion of this evidence, that any of it relates to the period on, or before, the law judge's decision.

The plaintiff argues that some of the evidence was "developed almost immediately after the ALJ decision" (Doc. 24, p. 9). However, the plaintiff does not identify what evidence he is referring to. Further, based on the dates of service, which were months after the law judge's decision, none

of the new evidence could be fairly characterized as evidence "developed almost immediately after the ALJ decision" (id.).

The plaintiff also attempts, obliquely, to relate some of the new evidence back to the pertinent time period, arguing that "[t]he new evidence ... explains that earlier reviews of xray/MRI materials may have missed the source of at least some of the Plaintiff's complaints" (id., p. 6). However, the plaintiff does not specify what evidence he is referring to (see id.), and there is nothing in the new evidence indicating that previous diagnostic testing was misinterpreted.

The plaintiff also appears to speculate that, because he complained of back and leg pain during the pertinent time period, and no intervening trauma was identified, new evidence of mobile subluxation must have been a pre-existing cause of his alleged pain (see id., pp. 6-7).

Initially, it is noted that diagnostic testing from the disability period already showed anterolisthesis and spondylolisthesis (see Tr. 247) which, similar to subluxation, involves vertebrae moving out of position. See www.spine-health.com/glossary/anterolisthesis; www.echiropractic.net.

Furthermore, contrary to the plaintiff's implication that his physical condition had not changed during the post-decision period, this new evidence was generated after the plaintiff reported to medical providers worsening back and leg pain. See Tr. 29 (progress note from primary provider dated January 23, 2013, that the plaintiff is experiencing "worsening symptoms" and complaining of "new onset" pain); Tr. 27 (progress note from primary provider dated February 21, 2013, that the plaintiff is "undergoing studies to determine cause of recent worsening of back pain"); Tr. 20 (in April 2013 Dr. Kumar noted that the plaintiff complained of "worsening back and leg pain").

Therefore, as the Commissioner argues, the new evidence, at best, may show the deterioration of a previous condition that may be the basis for a new disability application, but it is not probative of whether the plaintiff was disabled during the time period currently under review (Doc. 25, p. 6, citing Enix v. Commissioner of Social Security, 461 Fed. Appx. 861, 863 (11th Cir. 2012)).

In sum, the plaintiff has not made a cogent argument that the additional evidence revealed new impairments or diagnoses that existed on

or before the date of the law judge's decision, and he certainly has not shown that the Appeals Council was compelled to make such a finding. See Adefemi v. Ashcroft, supra, 386 F.3d at 1027. Therefore, the contention that the Appeals Council erred in concluding that the new evidence was not related to a time on or before the date of the law judge's decision is meritless.

Furthermore, even if the plaintiff had shown that the new evidence related to the period prior to the law judge's decision (which he has not), the plaintiff would still have to show that the evidence was new and material in order to invoke §404.970 and §416.1470. Evidence is considered new if it is not cumulative. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999). Evidence is material if there is a reasonable possibility that the new evidence would change the administrative result. Id.

The plaintiff argues in a conclusory manner that the new evidence is material because it purportedly buttresses the credibility of his subjective complaints of disabling back and leg pain (Doc. 24, pp. 6-7; see also p. 9). The law judge found that the plaintiff had severe impairments of back and neck disorders that limited him to a range of light work (Tr. 44, 46).

Therefore, in order for there to be a reasonable possibility that the new evidence would change the administrative result, the plaintiff would have to establish that the new evidence shows that the plaintiff had greater limitations than found by the law judge. However, the plaintiff has not even attempted to make such a showing.

In this regard, the plaintiff cites to diagnoses of mobile subluxation and spondylolysis (Doc. 24, p. 7). However, it is well-established that "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on h[is] ability to work." Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005), quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). Here, the plaintiff does not show how these impairments impose greater functional limitations beyond the law judge's residual functional capacity determination. Further, as indicated, the law judge already considered the plaintiff's conditions of anterolisthesis and spondylolisthesis in determining the credibility of the plaintiff's testimony.

The plaintiff also mentions that Dr. Kumar opined that mobile subluxation contributes to his back and leg pain. However, the law judge accepted that the plaintiff has pain, and considered that circumstance in determining the plaintiff's residual functional capacity. Dr. Kumar does not opine that this impairment is disabling, or impose any functional limitation on the plaintiff that indicates the plaintiff had greater limitations than found by the law judge (see Tr. 20-21, 23-24).[3]

The plaintiff also cites to Dr. Kumar's opinion that lumbar spine surgery would likely be beneficial. However, that opinion does not show that the plaintiff has disabling pain and limitations without surgery. Notably, the plaintiff did not accept the surgical recommendation, but stated that he would think about it (Tr. 20).

Finally, the plaintiff cites to Dr. Kumar's findings of pain on extension and "diffuse sensory reduction" in the plaintiff's left lower extremity (Doc. 24, p. 7). Notably, the medical records considered by the law judge showed abnormalities on physical examination (see, e.g., Tr. 277-78),

---

[3]Dr. Kumar reported in his progress note of April 8, 2013, that the plaintiff told him that "he is in the process of disability and has an attorney helping him" (Tr. 20). Dr. Kumar does not, however, make any notation in his progress notes that is supportive of the disability claim (see id.).

and the law judge concluded, based on the opinion of reviewing medical expert Dr. Sunita Patel, that they did not preclude a range of light work (Tr. 49, 50). The plaintiff makes no attempt to show that the vague observations of pain on extension and diffuse sensory reduction indicate greater limitations. Further, Dr. Kumar's observation that the plaintiff had "full strength in both lower extremities and negative SLR [straight leg raising]" (Tr. 24), and a notation that the plaintiff had a normal sensory exam and reflexes just weeks earlier (Tr. 29), are contrary to such a conclusion.

In sum, the plaintiff has not established that this additional evidence is material because he has not shown that there is a reasonable possibility that the evidence would change the law judge's decision. Consequently, the plaintiff has failed to establish the threshold requirement that the additional evidence was material. Accordingly, the Appeals Council did not err in denying review of the law judge's decision.

Moreover, even if the plaintiff could overcome the three-threshold hurdles, he could not show that the Appeals Council erred in concluding that, with the new evidence included, the law judge's decision was not contrary to the weight of the evidence. In fact, the plaintiff made no

attempt to show that the decision was contrary to the weight of all the evidence (see Doc. 24).

In this regard, the record contains a physical residual functional capacity evaluation from Dr. Patel, a non-examining reviewing physician who reviewed the medical records from the pertinent period and concluded that the plaintiff's physical impairments limited him to a range of light work (Tr. 283). The law judge gave that opinion significant weight (Tr. 50). Notably, there is no opinion from a treating or consulting physician opining that the plaintiff has greater limitations.

The new evidence, in particular, does not undermine the law judge's reasons for discrediting the plaintiff's testimony of disabling pain, which included the plaintiff's failure to be forthcoming with the consultative psychological examiner regarding his illicit drug use, the plaintiff's inconsistent effort during the consultative physical evaluation, and the plaintiff's daily activities that are inconsistent with his allegations of disabling pain (Tr. 52). Further, as previously discussed, the plaintiff has not shown that the additional evidence establishes the presence of an impairment that compels a finding that the plaintiff had greater limitations than found by

the law judge. In fact, the new evidence contains physical findings that support the law judge's decision, such as Dr. Kumar's observation of "full strength in both lower extremities and negative SLR [straight leg raising]" (Tr. 24), and his medical provider's notations of normal reflexes, normal sensory exam, non-focal neurological examination, and the absence of clubbing, cyanosis, and edema in the extremities (Tr. 27, 29).

In sum, the new evidence does not show that the law judge's finding is contrary to the weight of the evidence. Therefore, the Appeals Council did not err in denying review.

Finally, the plaintiff argues that the Appeals Council did not properly detail its reasons for denying review and "[t]here is no clear or even reasonable showing that there was any substantive consideration of this new evidence, past a cursory glance at the dates of service" (Doc. 24, p. 6). These contentions are meritless.

With regard to the Appeals Council's consideration of the new evidence, the plaintiff asserts (id.):

> The sole comment upon the evidence submitted to them is that "[t]his new evidence is about a later time. Therefore, it does not affect the decision

> about whether you were disabled on or before October 31, 2012." (T. 8)

The plaintiff's statement is not accurate. In fact, the Appeals Council stated (Tr. 7-8):

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.
>
> We considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of the evidence of record. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
> We also looked at office treatment records from Plant City Family Care, dated December 16, 2011 and February 1, 2012 (5 pages). This document is not new because it is an exact copy of Exhibit B11F.
>
> We also looked at office treatment records from Plant City Family Care, dated January 23, 2013 through February 21, 2013 (12 pages); office treatment records from Rakesh Kumar, M.D., dated March 11, 2013 through April 8, 2013 (7 pages); and diagnostic imaging reports from the South Florida Baptist Hospital, dated March 15, 2013 (7 pages). The Administrative Law Judge decided your case through October 31, 2012. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before October 31, 2012.

In other words, the Appeals Council not only said that the additional evidence related to the time after the law judge's decision, but also that "this information, [including the reasons for disagreement,] does not provide a basis for changing the Administrative Law Judge's decision" (Tr. 8). As the Commissioner points out, the Eleventh Circuit has said that such a statement is sufficient. Mansfield v. Astrue, 395 Fed. Appx. 528, 530 (11th Cir. 2010); Barclay v. Commissioner of Social Security Administration, 274 Fed. Appx. 738, 743 (11th Cir. 2008). Thus, the Eleventh Circuit has held that the Appeals Council does not have to explain its denial of review. Burgin v. Commissioner of Social Security, 420 Fed. Appx. 901, 903 (11th Cir. 2011) (rejecting the argument that the Appeals Council was required to indicate the weight it gave to the new evidence); Mansfield v. Astrue, supra, 395 Fed. Appx. at 530; Barclay v. Commissioner of Social Security Administration, supra, 274 Fed. Appx. at 743.

The Eleventh Circuit reiterated this holding most recently in Mitchell v. Commissioner, Social Security Administration, 771 F.3d 780, 784 (11th Cir. 2014), in which it stated that the Appeals Council is "not require[d] ... when denying a request for review, to give a detailed rationale for why

each piece of new evidence submitted to it does not change the ALJ's decision." Therefore, the contention that the Appeals Council erred in failing to explain adequately its consideration of the additional evidence is meritless.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 14th day of February, 2015.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE